# United States Court of Appeals for the Fifth Circuit

No. 21-20619
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

Curtis Wiggins,

*Plaintiff—Appellant*,

*versus*

Poyner Spruill L.L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-cv-4048

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff Curtis Wiggins appeals the district court's grant of summary judgment in favor of Defendant Poyner Spruill L.L.P. In its 35-word order, the district court provided no justification as to why it granted Defendant's motion. Federal Rule of Civil Procedure 56(a) requires district courts to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20619

"state on the record the reasons for granting or denying [a] motion [for summary judgment]." Thus, we "require[] that a district court explain its reasons for granting a motion for summary judgment in sufficient detail for us to determine whether the court correctly applied the appropriate legal test." *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 644 (5th Cir. 1992). This is because we have "little opportunity for effective review" when the district court opinion leaves some reasoning "vague" or "unsaid." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984). "In such cases, we have not hesitated to remand [a] case . . . ." *Id.* Consequently, we remand the district court order to consider the cross-motions for summary judgment anew.[1]

\*    \*    \*

We VACATE and REMAND for further consideration consistent with this opinion.

---

[1] Judge Gilmore retired from judicial service after issuing her order granting summary judgment. The case has been reassigned to Judge Bennett.